THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

LORENZO BELL,

10                          Petitioner,

11        v.

12   UNITED STATES OF AMERICA,

13                          Respondent.

14

CASE NO. C19-2018-JCC

ORDER

15        This matter comes before the Court on Petitioner Lorenzo Bell's motion to vacate, set

16   aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 1). Having thoroughly

17   considered the parties' briefing and the relevant record, the Court finds oral argument

18   unnecessary and hereby DENIES the motion and DISMISSES Petitioner's habeas petition for the

19   reasons explained herein.

20   **I.      BACKGROUND**

21        In 2018, Petitioner was observed regularly engaging in activity consistent with

22   distributing drugs at 3rd Avenue and Yesler Way in Seattle, an area frequented by vulnerable and

23   homeless people. (*See* Dkt. No. 71-1 at 20.) On August 3, 2018, pursuant to a warrant, Petitioner

24   was searched, arrested, and found to be in possession of cocaine. (*Id.*) Police recovered a pistol

25   from his apartment. (*Id.*) During plea negotiations, the Government agreed to dismiss an initial

26   charge of felon in possession of a firearm. (*See id.* at 5–7, 17–18.) Petitioner pleaded guilty to

possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C). (*Id.* at 17–18.) Petitioner waived his right to appeal or collaterally attack his conviction, except as to a claim of ineffective assistance of counsel. (*Id.* at 23–24.)

Petitioner entered his plea before the Honorable Mary A. Theiler. (*Id.* at 25–26.) Under oath, Petitioner agreed that he was fully satisfied with his attorney's performance and had sufficient time to discuss his case and review the plea agreement. (*Id.* at 29.) Petitioner also affirmed that he understood the rights he had waived by pleading guilty, including his right to appeal, although he stated that he had "reluctantly" agreed to waive those rights and plead guilty. (*Id.* at 32.) The Government agreed to recommend no more than 48 months of imprisonment. (*Id.* at 22, 38.) Petitioner agreed to the statement of facts as summarized in his plea agreement. (*Id.* at 38–39.) When Judge Theiler asked if there was anything with which he disagreed, Petitioner said, "I understand it very well. It wouldn't do any good to disagree anyway." (*Id.*) Judge Theiler asked, "[B]ut but I want to make sure that there isn't something I should know about that you disagree with. Is it good to go?" (*Id.*) Petitioner answered, "Yes." (*Id.*)

On June 4, 2019, the Court sentenced Petitioner to 36 months of imprisonment, followed by 36 months of supervised release. (*Id.* at 9.) At the time of sentencing, Petitioner was 73 years old. (*Id.* at 49.) The Court stated that but for Petitioner's service in Vietnam it would have imposed a much longer sentence. (*Id.* at 54.) The Court also considered Petitioner's numerous uncounted drug convictions, some going back 30 years, the fact there was a weapon in his home, and his age and poor physical condition. (*Id.*)

On June 10, 2019, while still represented by trial counsel, Petitioner moved *pro se* for a lighter sentence and for return of his forfeited Rolex watch and BMW automobile. *United States of America v. Lorenzo Bell*, Case No. CR18-0261-JCC, Dkt. No. 41–43 (W.D. Wash.). On June 13, 2019, he filed a notice of appeal. (Dkt. No. 71-1 at 4.) On appeal, Petitioner's newly appointed appellate counsel filed an *Anders* brief stating that there were no grounds for relief and moved to withdraw as counsel. *Bell*, Case No. CR18-0261-JCC, Dkt. No. 55. The Ninth Circuit

concluded that Petitioner had waived his right to appeal and there was no arguable issue as to the validity of the waiver. *Id.* The Ninth Circuit dismissed Petitioner's appeal on February 7, 2020. *Id.*

On December 9, 2019, Petitioner filed the instant § 2255 habeas petition, asserting four grounds for relief based on ineffective assistance of counsel. (Dkt. No. 1.) First, Petitioner alleges that his appellate counsel rendered ineffective assistance by failing to move for a modification of Petitioner's sentence under Section 404 of the 2018 First Step Act and Section 2 of the Fair Sentencing Act. (*Id.* at 4.) Second, Petitioner alleges that his appellate counsel rendered ineffective assistance by failing to challenge "the vague possession and crime of violence definitions under movant's U.S. Sentencing Guidelines" in violation of the First, Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments. (*Id.* at 5.) Third, Petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise claims under Section 404 of the First Step Act and Section 2 of the Fair Sentencing Act. (*Id.* at 7.) Fourth, Petitioner alleges that his trial and appellate counsel rendered ineffective assistance by failing to move for compassionate release under the First Step Act. (*Id.* at 8.)

## II.   DISCUSSION

### A.   Legal Standard

A prisoner in federal custody who believes their sentence violates the Constitution or federal law may petition the sentencing court to vacate the conviction or set aside the sentence. 28 U.S.C. § 2255(a). A "collateral attack on a criminal conviction must overcome the threshold hurdle that the challenged judgment carries with it a presumption of regularity, and that the burden of proof is on the party seeking relief." *Williams v. United States*, 481 F.2d 339, 346 (2d Cir. 1973). In reviewing such a petition, a court may rely upon the original proceeding's record and evidence filed by the parties. *Shah v. United States,* 878 F.2d 1156, 1160 (9th Cir. 1989). It may also employ its own recollection, experience, and common sense. *Id.*

 If the written record does not foreclose the petitioner's claims, the Court must order an

evidentiary hearing, and make findings of fact and conclusions of law. 28 U.S.C. § 2255(b).

However, a § 2255 motion "can be dismissed without a hearing if . . . the petitioner's allegations

cannot be accepted as true because they are contradicted by the record, inherently incredible, or

conclusions rather than statements of fact. To avoid dismissal, "the movant must present some

credible, non-conclusory evidence" in support of his claims. *Sanders v. United States*, 341 F.3d

720, 722 (8th Cir. 2003); *see United States v. Jackson*, 209 F.3d 1103, 1106 (9th Cir. 2000) (no

relief is warranted when the prisoner's claims are contrary to the record or incredible when

weighed against it).

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of

counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts evaluate claims of

ineffective assistance of counsel under a two-prong test. *Id.* Under that test, a defendant must

prove that (1) counsel's performance fell below an objective standard of reasonableness and (2) a

reasonable probability exists that, but for counsel's error, the result of the proceedings would

have been different. *Id.* at 687–94. When considering the first prong of the *Strickland* test, there

is a strong presumption that counsel's performance fell within the wide range of reasonably

effective assistance. *Id.* "Mere criticism of a tactic or strategy is not in itself sufficient to support a

charge of inadequate representation." *Gustave v. United States*, 627 F.2d 901, 903–04 (9th Cir.

1980).

The second prong of the *Strickland* test requires a showing of actual prejudice. Thus, a

defendant "must show that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different. A reasonable probability is a

probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

When challenging the effectiveness of appellate counsel, a defendant must demonstrate that

"counsel acted unreasonably in failing to discover and brief a merit-worthy issue." *Tamplin v.

Muniz*, 894 F.3d 1076, 1090 (9th Cir. 2018) (quoting *Moormann v. Ryan*, 628 F.3d 1102, 1106

(9th Cir. 2010)).

**B.     Ineffective Assistance of Counsel**

1.     Claims Under the First Step and Fair Sentencing Acts

The Fair Sentencing Act of 2010 altered the statutory penalties for some offenses involving cocaine base (crack cocaine), increasing the amount of cocaine base necessary for application of a mandatory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(A), (b)(1)(B). In 2018, Section 404 of the First Step Act made certain provisions of the Fair Sentencing Act retroactive. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).

As his first and third grounds for relief, Petitioner alleges that his appellate counsel rendered ineffective assistance by failing to move for a modification of his sentence under Section 404 of the 2018 First Step Act and Section 2 of the Fair Sentencing Act. (Dkt. No. 1 at 4.) Petitioner states that he wrote to his appellate counsel to inquire about potential relief under both the First Step and Fair Sentencing Acts. [1] (*Id.* at 4, 15.) But because Petitioner was sentenced on June 4, 2019, he received the benefit of the new mandatory minimum provisions of Section 2 of the Fair Sentencing Act. Furthermore, the record makes clear that the Court was not required to and did not impose a mandatory minimum sentence. (*See* Dkt. No. 7-1 at 53–55.) Thus, Petitioner has not proven that his appellate counsel's performance fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687. Therefore, Petitioner's motion is DENIED as to these grounds.

//

---

[1]      Petitioner also states he believes that he is being wrongfully denied good time credit under Section 102(b)(2) of the First Step Act and that absent counsel's ineffective representation, he would have raised these issues and elected to proceed to trial. (Dkt. No. 1 at 16.) But whether Petitioner is currently receiving good time credit was not and could not have been an issue at trial or on appeal. Thus, it cannot serve as a basis to challenge the sentence this Court imposed on June 4, 2019.

Petitioner also asserts in his affidavit, but not in his petition, that he advised appellate counsel of his belief that he was unfairly targeted for prosecution on the basis of his race and geographical location. (*Id.*) But he offers no facts to support this assertion. And an appellate attorney is not constitutionally obligated to raise every non-frivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 753 (1983).

### 2.   Definitions of Possession, Force, and Crime of Violence

As his second ground for relief, Petitioner argues that his appellate counsel was ineffective for failing to challenge his sentence on appeal based on the definitions of "possession" and "crime of violence." (Dkt. No. 1 at 5–6.) But neither of these definitions were at issue in Petitioner's case. The definition of "possession" was relevant to Petitioner's plea and sentence, but it was not unconstitutionally vague as applied because Petitioner pleaded guilty to possessing cocaine in his pants pocket. (*See* Dkt. No. 7-1 at 20); *United States v. Purdy*, 264 F.3d 809, 811 (9th Cir. 2001). And Petitioner did not plead guilty to and was not sentenced for a firearm offense or other offense involving the definition of "force" or "crime of violence." (Dkt. No. 7-1 at 17–18.) Because this issue was frivolous, appellate counsel was not ineffective for failing to raise it. *See Tamplin*, 894 F.3d at 1090. Furthermore, Petitioner waived this right to challenge the length of his sentence or conditions of supervised release on direct appeal. (Dkt. No. 7-1 at 23–24.) Therefore, Petitioner's motion is DENIED as to this ground.

### 3.   Compassionate Release

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a previously-imposed term of imprisonment if satisfies certain conditions set forth in the statute. As Petitioner's fourth ground for relief, he argues that trial and appellate counsel were ineffective for failing to argue for relief under the compassionate release statute.[2] But § 3582(c)(1)(A) does not apply to sentencing. Thus, Petitioner has not proven that trial or appellate counsel's performance fell below an objective standard of reasonableness when they failed to move for compassionate release. *See Strickland*, 466 U.S. at 687. Therefore, Petitioner's motion is denied as to these grounds.

In sum, the record conclusively shows Petitioner is not entitled to relief on his habeas

---

[2] In his fourth ground for relief, Petitioner also argues that his trial and appellate counsel failed to raise other viable, non-frivolous claims, but he fails to specifically identify which claims. (Dkt. No. 1 at 8–9, 16–17.) Furthermore, Petitioner's only argument as to how he was prejudiced incorrectly assumes that he was permitted to move for compassionate release prior to sentencing or on appeal. (*See id.*) Thus, Petitioner fails to meet both prongs of the *Strickland* test. *See* 466 U.S. at 687–94.

claims. *See* 28 U.S.C. § 2255(b). Therefore, the Court DENIES Petitioner's request for an evidentiary hearing and DENIES his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

### C.   Certificate of Appealability

When issuing a final order denying relief under 28 U.S.C. § 2255, the Court must determine if a certificate of appealability should issue. 28 U.S.C. § 2253. To grant a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The Supreme Court has clarified that a petitioner makes such a showing when "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has not made that showing. As discussed above, his first, third, and fourth grounds for relief plainly misread the relevant statutes. His second ground for relief based on to the definitions of possession and crime of violence is plainly contradicted by the record. On this record, no reasonable jurist could find that Petitioner's conclusory and unsupported allegations would entitle him to relief. Therefore, the Court DENIES a certificate of appealability.

## III.   CONCLUSION

For the foregoing reasons, Petitioner's § 2255 motion to vacate, set aside, or correct his sentence (Dkt. No. 1) is DENIED and this action is DISMISSED. Issuance of a certificate of appealability is DENIED.

DATED this 30th day of June 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE